# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | | |
|---|---|---|
| DON ROBERT FAIRCLOTH, | : | |
| Plaintiff, | : | |
| VS. | : | |
| Warden JOSEPH BADEN, and | : | |
| Medical Director TIFFANY WHATLEY, | : | NO. 1:11-CV-86 (WLS) |
| Defendants. | : | |
| | : | **RECOMMENDATION** |

Plaintiff **DON ROBERT FAIRCLOTH**, an inmate at Calhoun State Prison ("CSP"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Since filing his original complaint, Plaintiff has filed a motion for a preliminary injunction (Doc. 5) and a motion for a temporary restraining order (Doc. 6). Plaintiff alleges that he is being denied appropriate medical treatment, including surgery on his right shoulder, and that he has been wrongfully disciplined in retaliation for his numerous complaints and grievances.

The standard for obtaining a temporary restraining order is identical to that of obtaining a preliminary injunction. ***See Windsor v. U.S.***, 379 F. App'x. 912, 916–17 (11th Cir.2010). Injunctive relief is only appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that a preliminary injunction would cause to the non-movant; and (d) the preliminary injunction would not be adverse to the public interest. ***Parker***

*v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001). An irreparable injury "must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir.2000) (citations omitted).

In the present case, Plaintiff has not alleged sufficient facts to support his claim for injunctive relief under the above standard. Plaintiff fails to allege that he will suffer irreparable injury at CSP. Instead, he alleges only a speculative possibility of future injury. *See Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1284 (11th Cir.2001)); *see also Holland America, Ins. Co. v. Succession of Roy*, 77 F.2d 992, 997 (5th Cir.1985) ("Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant."). Nor has Plaintiff alleged facts suggesting that he will likely succeed on the merits of his claims. Finally, Plaintiff has not shown that the alleged threat outweighs the harm to the administration of the prison system or that granting the motion will not be adverse to the public interest. *See e.g., Bell v. Wolfish*, 441 U.S. 520, 547, 99 S. Ct. 1861, 1878, 60 L.Ed.2d 447 (1979) ("Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."). There is simply no indication that the "drastic remedy" of injunctive relief is warranted at this juncture.

Moreover, Plaintiff's claim of retaliation is separate from his claim of deficient medical care raised in Plaintiff's section 1983 complaint. *See Atakpu v. Lawson*, No. 1:05-cv-524, 2006 WL 3803193 at *1-2 (S.D. Ohio Nov. 28, 2006) (the plaintiff prisoner's motion seeking injunctive relief for harassment and retaliation was denied as unrelated to the prisoner's complaint, which alleged

denial of his constitutional rights for inadequate medical care; court agreed with the Magistrate Judge's statement that a "court may not grant a preliminary injunction when the issues raised in the motion are entirely different from those raised in the complaint"). Injunctive relief is therefore not appropriate with respect to this new claim of retaliation.

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's motion for a preliminary injunction and motion for a temporary restraining order be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN** (**14**) **DAYS** after being served with a copy hereof.

**SO RECOMMENDED**, this 1st day of August, 2011.

*s/THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE

cr