IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

DON ROBERT FAIRCLOTH, :
:
      Plaintiff, :
:
VS. :
: 1 : 11-CV-86 (WLS)
Warden JOSEPH BADEN, and Medical :
Director TIFFANY WHATLEY, :
:
      Defendants. :

**ORDER and RECOMMENDATION**

Presently pending herein are a Motion to Dismiss filed by the Defendants (Doc. 24) and various motions filed by the Plaintiff. (Docs. 17, 18, 19, 21, 22, 31, 32, 39, 41, 43, 45, 55, 57, 64). The Plaintiff filed this action pursuant to 42 U.S.C. § 1983 in June 2011, raising allegations of deliberate indifference to his serious medical needs by the Defendants during Plaintiff's confinement at Calhoun State Prison. (Doc. 1). In his amended Complaint, the Plaintiff raises allegations that the Defendants failed to protect the Plaintiff from exposure to second-hand smoke. (Docs. 14, 28).

*Motion for Order Directing Defendants Reply*

Plaintiff filed a Motion for Order Directing Defendants Reply on September 22, 2011. (Doc. 21). As the Defendants filed a Motion to Dismiss within the time frame set forth in their Waivers of Service, and after the Plaintiff filed this motion seeking a response to his Complaint, Plaintiff's Motion for Order Directing Defendants Reply is hereby **DENIED** as moot.

*Motions seeking injunctive relief*

Plaintiff has filed several motions seeking injunctive or declaratory relief from the Court. (Docs. 17, 18, 22, 31, 64). Plaintiff seeks medical care, protection from future retaliation, and protection of his physical evidence from seizure by prison authorities. *Id.* In order to obtain

injunctive or declaratory relief, the Plaintiff must prove that: (1) there is a substantial likelihood that he will prevail on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest. *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985); *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 909 F.2d 480, 483 (11th Cir. 1990). Injunctive relief will not issue unless the conduct at issue is imminent and no other relief or compensation is available. *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987).

A review of the Plaintiff's motions reveals an inadequate basis for the issuance of an injunctive order. Plaintiff has not established that he is entitled to injunctive relief in regard to his requests, i.e., that there is a substantial likelihood of success on the merits or resulting irreparable harm, or that no other relief is available to address his alleged injuries. Moreover, although the Plaintiff has not submitted a notice of change of address, it appears that he has been transferred to another prison, and most of his claims for injunctive relief have therefore been rendered moot. (Doc. 61); *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) (inmate's transfer to another prison facility moots claims for injunctive relief). Accordingly, it is the recommendation of the undersigned that Plaintiff's motions for injunctive or declaratory relief be **DENIED**. (Docs. 17, 18, 22, 31, 64).

*Motions pertaining to discovery*

Plaintiff has also filed motions pertaining to discovery matters, seeking a Rule 26(f) meeting and asking to begin discovery. (Docs. 19, 43, 45). Inasmuch as this is a § 1983 action brought by a *pro se* prisoner, this matter is excepted from the initial discovery requirements, including a meeting between the parties, set out by Rule 26 of the Federal Rules of Civil Procedure. Local Rule 26. To the extent that the Plaintiff seeks to conduct discovery, discovery as to issues other than exhaustion of

administrative remedies was stayed herein by Order dated October 17, 2011.  (Doc. 28).   Plaintiff does not need the permission of the Court to proceed with discovery as to the exhaustion issue, although the Court notes that the discovery period herein has since expired and Plaintiff has not sought an extension thereof.   Plaintiff's Motion to Begin Discovery (Doc. 43), Amended Motion for Discovery (Doc. 45), and Motion for Rule 26(F) Meeting (Doc. 19) are accordingly **DENIED**.

*Motions to proceed with claims*

Plaintiff has filed two motions seeking to "proceed" with his claims, which are in fact continued arguments in support of Plaintiff's original and amended claims for relief.  (Docs. 41, 55).   Inasmuch as these motions present nothing for the Court's determination, said motions are **DENIED** as moot.

*Motion to Add Defendant Baden's successor as a Defendant*

Plaintiff, relying on Federal Rule of Civil Procedure 25(d), has filed a motion seeking to have Defendant Baden's successor warden at Calhoun State Prison added as a Defendant herein.   (Doc. 39).   Rule 25(d) provides that "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending." Inasmuch as the Plaintiff has sued Defendant Baden herein in his individual capacity, and is prohibited from recovering from Defendant Baden in his official capacity as a state officer, Plaintiff's Motion to have the new warden added as a Defendant under Rule 25(d) is without merit.   In his complaints, Plaintiff alleges that Defendant Baden violated his constitutional rights while Baden was employed as warden at Calhoun State Prison, and thus appears to have named the correct warden as Defendant. Plaintiff's Motion for Court's Order, to add Defendant Baden's successor as a Defendant, is hereby **DENIED**.

*Motion for a Hearing*

Plaintiff has filed a Motion for Evidentiary Hearing, asking to present evidence regarding his exhaustion of administrative remedies, an issue raised in Defendants' Motion to Dismiss.   (Doc. 57).

3

Defendants have filed a brief, an affidavit, and copies of Plaintiff's grievances in support of their Motion to Dismiss (Docs. 24, 25), and Plaintiff has filed various responses in opposition to Defendants' motion.  (Docs. 35, 41, 55).  Both parties have been provided an opportunity to submit briefs, exhibits, and documentary evidence in support of their respective positions.  Accordingly, the Court finds that Defendants' Motion to Dismiss can be properly decided on the record before the Court, and Plaintiff's Motion for Evidentiary Hearing is **DENIED**.

*Motion to Dismiss*

Defendants assert that the Plaintiff has failed to exhaust administrative remedies as to his claims, and seek dismissal of Plaintiff's claims based on this lack of exhaustion.  (Doc. 24).  A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to Araise a right to relief above the speculative level@  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to Astate a claim to relief that is plausible on its face.@ A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct.1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

In regard to exhaustion of administrative remedies, the Prison Litigation Reform Act (APLRA@) mandates that all prisoners wishing to bring suits pursuant to ▪ 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action.  The Act provides that A[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.@  42 U.S.C. ▪

1997e (a).   In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal.  *Moore v. Smith*, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); *Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA).   "An inmate must use all steps in the administrative process and comply with any administrative deadlines and other critical procedural rules before exhaustion is proper.  Thus, if an inmate has filed an 'untimely or otherwise procedurally defective administrative grievance or appeal', he has not properly exhausted his administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 89-92 (2006).

> deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of facts as true.  If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.

The Eleventh Circuit has held that

*Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

A review of the factual allegations in the Defendants' motion and the responses from the Plaintiff reveals a conflict.   Plaintiff states in response to the Defendants' motion that he did exhaust the claims underlying this lawsuit.  (Doc. 35).   Accepting Plaintiff's allegations as true, Plaintiff's claims are not subject to dismissal pursuant to the first step of the *Turner* analysis.

The Defendants establish, by means of the affidavit testimony of James Spann, Acting Grievance Coordinator at Calhoun State Prison, that a grievance system was in place at Calhoun State

Prison at the time of the incidents underlying this lawsuit. (Doc. 24-2, && 2-16). The Defendants further establish, supported by the affidavit testimony of James Spann, that during Plaintiff=s incarceration at Calhoun State Prison and prior to the filing of this lawsuit, Plaintiff had filed informal and formal grievances regarding his deliberate indifference to serious medical needs claims, but had not completed the grievance process as to any of these grievances before filing this lawsuit. *Id.* at ¶ 28. Specifically, the time for appeal had not yet run as to one grievance when Plaintiff filed this lawsuit, and other grievances remained pending when this lawsuit was filed. *Id.* at ¶¶ 19-28. Plaintiff=s grievance history also shows that the Plaintiff filed no grievances regarding the deliberate indifference and failure to protect against second hand smoke claims set out in his amended Complaint.

In response to the Defendants' motion to dismiss, the Plaintiff asserts that he did exhaust the grievance process, is in possession of grievance copies proving exhaustion, and will prove exhaustion at trial. (Docs. 35, 55). Although he asserts that he is in possession of documents establishing exhaustion, the Plaintiff has not produced or described these documents. *Id.*

The Court finds that the Plaintiff has not exhausted the claims underlying this lawsuit, in that, he has not utilized all available remedies to grieve the alleged offenses of the Defendants. The affidavit testimony in support of the Defendants= motion to dismiss establishes the presence of a grievance system at Calhoun State Prison and establishes that the Plaintiff did not complete the grievance process regarding his deliberate indifference to medical needs claims, and filed no grievances regarding his failure to protect against second hand smoke claims during his confinement at Calhoun State Prison.

The evidence before the Court shows that Plaintiff did not properly pursue and exhaust the grievance procedure, leaving administrative remedies unexhausted. The PLRA Arequires proper exhaustion@ *Woodford*, 548 U.S. at 92. In order to properly exhaust his claims, a prisoner must

6

"us[e] all steps" in the administrative process; he must comply with any administrative "deadlines and other critical procedural rules" in place. *Id.* Exhaustion of the grievance system by means of filing some form of proper grievance is required. *Parzyck v. Prison Health Services, Inc.*, 627 F.3d 1215, 1218 (11th Cir. 2010) (citing *Jones v. Bock*, 549 U.S. 199, 219 (2007)). Additionally, Plaintiff makes no showing that he had good cause to file an out-of-time grievance. *See Bryant v. Rich*, 530 F.3d 1368, 1379 (11th Cir. 2008) (recognizing that plaintiff "could have filed an out-of-time grievance [once transferred to another prison] and then shown good cause for its untimeliness. Because he did not, [the plaintiff] failed to exhaust an administrative remedy that was available to him." ). Additionally, Plaintiff did not file any formal grievance or appeal as to the second hand smoke claims. The Court finds that the Defendants have met their burden to establish that the Plaintiff failed to exhaust his administrative remedies as to the claims underlying this lawsuit.

The Court notes that there is no indication that Plaintiff's access to the grievance process was prohibited by prison officials, by means of threat or otherwise. In order to demonstrate that administrative remedies were unavailable, the Plaintiff must point to specific facts showing that officials prohibited or blocked his use of the grievance process. *Miller v. Tanner*, 196 F.3d 1190, 1194 (11th Cir. 1999) (inmate was not required to file an appeal after being told unequivocally, and in writing, that appeal was precluded; plaintiff produced memorandum denying grievance and informing plaintiff that no appeal was available); *Turner*, 541 F.3d at 1085 (prison official's serious threats of retaliation against an inmate for pursuing a grievance render administrative remedies unavailable).

Inasmuch as the Plaintiff has failed to fully exhaust administrative remedies as to claims brought against the Defendants, it is the recommendation of the undersigned that the Defendants' Motion to Dismiss be **GRANTED**.

*Motion to amend*

In a motion to amend his Complaint, the Plaintiff seeks to add Dewayne Ayers, Medical Director of Calhoun State Prison, as a defendant herein and to correct the designation of Defendant Tiffany Whatley as Health Services Administrator at Calhoun State Prison.  (Doc. 32).   Plaintiff's motion to amend seeking to add Dewayne Ayers as a Defendant was filed on November 1, 2011.   The Court notes that Plaintiff has already amended his Complaint once as of right.   (Docs. 14, 28).

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure,

> [i]n all other cases (other than an amendment of right), a party may amend its pleading only with the opposing party's written consent or the court's leave.   The court should freely give leave when justice so requires.

The decision whether to grant leave to amend a pleading is within the sound discretion of the district court and is not automatic.   *Nat'l. Service Industries, Inc. v. Vafla Corp*, 694 F.2d 246, 249 (11th Cir. 1982).   Although the decision to grant or deny a motion to amend a complaint is within the discretion of the court, "a justifying reason must be apparent for denial of a motion to amend."   *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993).   The Court may consider "such factors as 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment.'"   *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff's motion to amend was filed approximately fifteen (15) days after the filing of Defendants' Motion to Dismiss.   (Doc. 32).   The Plaintiff appears to have "discovered" Dwayne Ayers' identity in the affidavits supporting Defendants' response to certain of Plaintiff's motions for injunctive relief, rather than through any discovery requests or other good faith efforts by the Plaintiff.  *Id.*

The Court finds that allowing the amendment to add DeWayne Ayers as a defendant at this point in the proceedings would prove futile and could unduly prejudice the Defendants, who have already filed a dispositive motion.  *See Nat'l. Independent Theatre Exhibitors, Inc. v. Charter Financial Group Inc.*, 747 F.2d 1396, 1404 (11th Cir. 1984) (denial of motion to add parties affirmed, as defendants were ready for trial and would have been prejudiced by delay and expense occasioned by additional discovery); *Keith v. Stewart*, 2006 WL 2298004 (N.D.Ga.) (leave to amend a complaint to add defendant on deliberate indifference claims denied as futile where motion to amend was filed after defendant filed a summary judgment motion and the court had already found that the named defendants were entitled to entry of summary judgment on deliberate indifference claims).

The undersigned has issued a recommendation that the Defendants' Motion to Dismiss be granted, based on a finding that Plaintiff failed to fully exhaust administrative remedies.   It is unlikely that Plaintiff's proposed claims of deliberate indifference against Dewayne Ayers would survive a similar dispositive motion.  *See Martinec v. Party Line Cruise Co*, 2007 WL 3197610 (S.D.Fl.) (leave to amend denied where amended complaint found to contain inadequate allegations to survive a motion to dismiss).   Accordingly, Plaintiff's Motion to Amend is hereby **GRANTED in part** and **DENIED in part**, as follows.   Inasmuch as the Plaintiff's proposed amendment to add Dwayne Ayers as a Defendant is futile and could unduly prejudice the Defendants, Plaintiff's Motion to Amend is hereby **DENIED**.   To the extent that the Plaintiff seeks to correct the designation of Defendant Whatley as Health Services Administrator at Calhoun State Prison, Plaintiff's Motion to Amend is **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the Recommendations set forth herein with the Honorable W. Louis Sands, United States District Judge,

WITHIN FOURTEEN (14) DAYS after being served with a copy of these Recommendations.

**SO ORDERED and RECOMMENDED**, this 9th day of April, 2012.

s/   *THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**

asb