IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| DON ROBERT FAIRCLOTH, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.: 1:11-CV-86 (WLS) |
| WARDEN JOSEPH BADEN, and MEDICAL DIRECTOR TIFFANY WHATLEY | : | |
| Defendants. | : | |

## ORDER

Before the Court is an Order and Recommendation from United States Magistrate Judge Thomas Q. Langstaff (Doc. 65). The Order and Recommendation, filed April 9, 2012, denies Plaintiff's Motion for Order Directing Defendants Reply (Doc. 21), denies Plaintiff's Motion to Begin Discovery (Doc. 43), Amended Motion for Discovery (Doc. 45), and Motion for Rule 26(f) Meeting (Doc. 19), denies Plaintiff's Motions to Proceed with Claims (Docs. 41, 55), denies Plaintiff's Motion to Add Defendant Baden's Successor as a Defendant (Doc. 39), denies Plaintiff's Motion for a Hearing (Doc. 57), and denies-in-part and grants-in-part Plaintiff's Motion to Amend (Doc. 32); and recommends that: (1) Plaintiff's Motions Seeking Injunctive Relief (Docs. 17, 18, 22, 31, and 64) be denied; and (2) Defendants' Motion to Dismiss (Doc. 24) be granted. Plaintiff timely filed his Objections to Magistrate Judge's Order and Recommendation (Doc. 69). Defendants thereafter filed a Response to Plaintiff's Objections to the Magistrate Judge's Order and Recommendation (Doc. 72).[1]

---

[1] On May 22, 2012, well past the expiration of the 14-day period of objections and without prior authorization from the Court, Plaintiff filed an Amended Objection (Doc. 74). Besides its untimeliness, the Objection simply reargues the same allegations Plaintiff made in his original Objection (Doc. 69) and contains new allegations regarding an alleged conspiracy. As such, it will not be considered by the Court.

For the following reasons, the objections set forth in Plaintiff's Objections (Doc. 69) are **OVERRULED**, and United States Magistrate Judge Langstaff's April 9, 2012 Order and Recommendation (Doc. 65), is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein.  Accordingly, Plaintiff's Motion for Order Directing Defendants Reply (Doc. 21), Motion to Begin Discovery (Doc. 43), Amended Motion for Discovery (Doc. 45), Motion for Rule 26(f) Meeting (Doc. 19), Motion for a Hearing (Doc. 57), Motions to Proceed with Claims (Docs. 41, 55), Motion to Add Defendant Baden's Successor as a Defendant (Doc. 39), and Plaintiff's Motions Seeking Injunctive Relief (Docs. 17, 18, 22, 31, and 64) are **DENIED**, Plaintiff's Motion to Amend (Doc. 32) is **DENIED-IN-PART** and **GRANTED-IN-PART** and Defendants' Motion to Dismiss (Doc. 24) is **GRANTED**.

**I.     PLAINTIFF'S OBJECTION TO APRIL 9, 2012 ORDER**

Plaintiff objects to the rulings made in Judge Langstaff's April 9, 2012 Order (Doc. 65) regarding Plaintiff's Motion to Begin Discovery (Doc. 43), Amended Motion for Discovery (Doc. 45), Motion for Rule 26(f) Meeting (Doc. 19), Motions to Proceed with Claims (Docs. 41, 55), Motion for a Hearing (Doc. 57), and Plaintiff's Motion to Amend (Doc. 32).

Federal Rule of Civil Procedure 72(a) states that a "party may serve and file objections to" a Magistrate Judge's non-dispositive order, and "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly-erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) (reciting same "clearly erroneous or contrary to law" standard). Clear error is a highly deferential standard of review. As the Supreme Court has explained, a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the

2

definite and firm conviction that a mistake has been committed." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005) (internal citations and quotation marks omitted). The standard for overturning a Magistrate Judge's non-dispositive order is "a very difficult one to meet." Thornton v. Mercantile Stores Co., Inc., 180 F.R.D. 437, 439 (M.D.Ala.1998) (internal quotation marks omitted).

The Court will now address Plaintiff's Objections to Judge Langstaff's April 9, 2012 Order.

### a. Motions Pertaining to Discovery (Docs. 19, 43, 45)

Plaintiff fails to provide any authority challenging Judge Langstaff's Order holding that Plaintiff does not need the Court's permission to proceed with discovery regarding the exhaustion issue, and § 1983 actions brought by *pro se* prisoners are exempted from the required Rule 26 meeting between the parties. Instead, Plaintiff simply asserts that Judge Langstaff has ignored Plaintiff's motions to begin discovery related to exhaustion of administrative remedies and that the evidence Plaintiff holds cannot safely be presented outside of an evidentiary hearing. (Doc. 69 at 2-3). Plaintiff fails to identify his "evidence" or explain why it could not be presented without an evidentiary hearing. Accordingly, the Court is not convinced that Judge Langstaff's denial of Plaintiff's Motions pertaining to discovery (Docs. 19, 43, 45) was in clear error or contrary to law, and Plaintiff's Objections to Judge Langstaff's April 9, 2012 Order regarding Plaintiff's Motion to Begin Discovery (Doc. 43), Amended Motion for Discovery (Doc. 45) and Motion for Rule 26(f) Meeting (Doc. 19) are **OVERRULED**.

### b. Motions to Proceed with Claims (Docs. 41, 55)

Again, Plaintiff fails to provide any authority demonstrating Judge Langstaff's Order was in clear error or contrary to law. Instead, Plaintiff simply issues another demand for an

evidentiary hearing. (Doc. 69 at 3). Accordingly, Plaintiff's Objections to Judge Langstaff's April 9, 2012 Order regarding Plaintiff's Motions to Proceed with Claims (Docs. 41, 55) are **OVERRULED**.

### c. Motion for a Hearing (Doc. 57)

Plaintiff's objection maintains that he cannot safely mail evidence regarding exhaustion of his administrative remedies and as such, he requires a hearing to present evidence that would disprove Defendants' contention that Plaintiff failed to administratively exhaust his claims. (Doc. 69 at 3). Again, the Court is not convinced that Judge Langstaff's denial of Plaintiff's Motion for a Hearing was in clear error or contrary to the law. Plaintiff has had a fair opportunity to respond to Defendants' Motion to Dismiss, and in fact, has responded to the Motion to Dismiss. (*See* Docs. 35, 41, 55). Plaintiff was noticed of his right to respond to Defendants' Motion to Dismiss and of the consequences of his failure to do so. (Doc. 28). Thus, as Judge Langstaff finds, the Court should be able to resolve Defendants' Motion to Dismiss on briefing alone. Plaintiff's bare assertion or belief that a hearing is required, appropriate, or convenient is insufficient to show a hearing is required or necessary. Accordingly, Plaintiff's Objections to Judge Langstaff's April 9, 2012 Order regarding Plaintiff's Motion for a Hearing (Doc. 57) are **OVERRULED**.

### d. Plaintiff's Motion to Amend (Doc. 32)

Plaintiff states that he should be permitted to join an additional defendant to the case. (Doc. 69 at 5). According to Plaintiff, the "material evidence" he has gathered should override Judge Langstaff's finding that the amendment would prove futile. (*Id.*) However, Plaintiff does not address Judge Langstaff's finding that any amendments to Plaintiff's pleading at this stage of

4

the case would unduly prejudice Defendants. (Doc. 65 at 9). Nor did Plaintiff offer to Judge Langstaff or this Court any of the "material evidence" he has allegedly gathered.

The Court is not convinced that Judge Langstaff's denial of Plaintiff's Motion to Amend was in clear error or contrary to law. The Court finds no justification for Plaintiff's great delay in seeking this amendment well beyond the commencement of this case. Plaintiff knew of Dr. Ayers well before the case began, as he indicated that Dr. Ayers allegedly refused to provide medical care to Plaintiff in the Complaint itself. (Doc. 1 at 8). However, despite this knowledge, Plaintiff failed to move to add Dr. Ayers when given the opportunity to Amend by the Court. (Docs. 14, 28). Moreover, as Judge Langstaff noted, Plaintiff's failure to demonstrate exhaustion of his administrative remedies or even file a grievance as to his pending deliberate indifference claims is similarly fatal to his proposed claims of deliberate indifference against Dr. Ayers, rendering Plaintiff's proposed amendments futile. *See, e.g.*, Burger King Corp. v. Weaver, 169 F. 3d 1310, 1320 (11th Cir. 1999) (denial of leave to amend justified by futility when "complaint as amended is still subject to dismissal"); Amick v. BM & KM, Inc., 275 F. Supp. 2d 1378, 1381 (N.D. Ga. 2003) ("In the Eleventh Circuit, a proposed amendment is futile when the allegations of the proffered complaint would be unable to withstand a motion to dismiss."). Accordingly, Plaintiff's Objections to Judge Langstaff's April 9, 2012 Order regarding Plaintiff's Motion to Amend (Doc. 32) are **OVERRULED**.

To the extent that Plaintiff's Objection (Doc. 69) fails to substantially address any portion of Judge Langstaff's Order (Doc. 65), the Court finds that any objections not made thereto are **WAIVED**.

5

## II.     PLAINTIFF'S OBJECTION TO MARCH 13, 2012 RECOMMENDATION

Judge Langstaff's April 9, 2012 Recommendation recommends that Plaintiff's Motions Seeking Injunctive Relief (Docs. 17, 18, 22, 31, and 64) be denied and that Defendants' Motion to Dismiss (Doc. 24) be granted.  (Doc. 65).

### a. Plaintiff's Motions Seeking Injunctive Relief (Docs. 17, 18, 22, 31, and 64)

Plaintiff's Objection (Doc. 69) does not adequately challenge Judge Langstaff's finding that Plaintiff has failed to present an adequate basis for injunctive relief.  (Doc. 65 at 2). Plaintiff identifies no evidence showing that he is likely to prevail on the merits of his claims that he was not receiving medical care, that he was the subject of retaliation, and that his physical evidence was in danger of being seized by prison authorities.  Instead of pointing to evidence presented in his pleadings, Plaintiff asserts that he is not required to wait for "tragic event[sic]" before obtaining relief.  (Doc. 69 at 2).  However, as Judge Langstaff noted, a preliminary injunction will not be granted unless the movant clearly carries the burden of persuasion as to the four prerequisites.  (Doc. 65 at 2).  Plaintiff's objections do not meet that burden.  Accordingly, the Court finds that Plaintiff's Objection (Doc. 69) to Judge Langstaff's April 9, 2012 Recommendation recommending that Plaintiff's Motions Seeking Injunctive Relief (Docs. 17, 18, 22, 31, and 64) be denied fails to rebut the legally sound findings of Judge Langstaff, and is **OVERRULED**.

### b. Defendants' Motion to Dismiss

Plaintiff's Objection to the Recommendation's findings as to Defendants' Motion to Dismiss primarily contends that the Recommendation is improper because Plaintiff has exhausted his administrative remedies.  (Doc. 69 at 4).  Plaintiff asserts that the Federal Rules of Civil Procedure require the Court to accept the facts as pled by Plaintiff in his Complaint, and in

6


addition, Plaintiff has "substantial evidence" to support his claims and his allegations that Defendant Spann lied in his affidavit. (*Id.*) However, Plaintiff fails to provide any evidence supporting his assertions. Instead, he repeats his demand for an evidentiary hearing based on his claim that the prison mail service cannot be trusted.

Notwithstanding Plaintiff's concern regarding the security of the prison mail system and Plaintiff's ability to securely deliver documents to the Court that are relevant to the Court's consideration of Defendants' Motion to Dismiss, Plaintiff's suspicion alone does not excuse Plaintiff's failure to forward his alleged evidence to the Court. The Court is not required to reference documentary evidence to resolve a motion to dismiss, although the Parties' reference to and reliance on such documents and facts beyond the pleadings are permitted at this stage when properly provided. *See* Woods v. Southern Co., 396 F.Supp.2d 1351, 1359 (N.D. Ga. 2005) ( "The Eleventh Circuit ... has ... *permitted reference* to a document attached to a motion to dismiss, ... where the attached document is 'central to the plaintiff's claim' and is 'undisputed' ...." (emphases added) (citation omitted)).

Plaintiff's objections ignore Judge Langstaff's findings that Plaintiff did not exhaust the claims underlying his lawsuit, and ignore the legal standard used to decide a motion to dismiss for failure to exhaust administrative remedies. As Judge Langstaff noted, the Court, pursuant to the first step of the Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008), did accept Plaintiff's allegations as true and found that Plaintiff's claims were not subject to dismissal. (Doc. 65 at 5). However, Plaintiff's Objection fails to address the second step of the Turner analysis, which requires the Court to make factual findings to resolve the disputed factual issue related to exhaustion. Plaintiff, although given the opportunity to challenge the factual evidence submitted by Defendants, chose not to do so. In light of the evidence before the Court, Judge

Langstaff correctly found that Plaintiff failed to exhaust the administrative remedies available to him by failing to complete the grievance process. (*Id.* at 6). Plaintiff identifies no evidence in his objection that challenges Judge Langstaff's finding, instead offering bare assertions to support his arguments. Accordingly, the Court finds that Plaintiff's Objection (Doc. 69) to Judge Langstaff's April 9, 2012 Recommendation recommending that Defendants' Motion to Dismiss (Doc. 24) be granted fails to rebut the legally sound findings of Judge Langstaff, and is **OVERRULED**.

To the extent that Plaintiff's Objection (Doc. 69) fail to address recommendations made in Judge Langstaff's Recommendation (Doc. 65), the Court finds that any objections not made thereto are **WAIVED**.

## **CONCLUSION**

Accordingly, the objections set forth in Plaintiff's Objections (Doc. 69) are **OVERRULED**, and United States Magistrate Judge Langstaff's April 9, 2012 Order and Recommendation (Doc. 65), is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Plaintiff's Motion for Order Directing Defendants Reply (Doc. 21), Motion to Begin Discovery (Doc. 43), Amended Motion for Discovery (Doc. 45), Motion for Rule 26(f) Meeting (Doc. 19), Motion for a Hearing (Doc. 57), Motions to Proceed with Claims (Docs. 41, 55), Motion to Add Defendant Baden's Successor as a Defendant (Doc. 39), and Plaintiff's Motions Seeking Injunctive Relief (Docs. 17, 18, 22, 31, and 64) are **DENIED**,

Plaintiff's Motion to Amend (Doc. 32) is **DENIED-IN-PART** and **GRANTED-IN-PART** and Defendants' Motion to Dismiss (Doc. 24) is **GRANTED**.

**SO ORDERED**, this  16th  day of August, 2012.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**